**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable Marcia S. Krieger**

Civil Action No. 12-cv-01158-MSK-KMT

AERL, L.C.,

    Plaintiff,

v.

DONALD S. SATHER;
BETSY R. SATHER; and
CHARLES W. COLE, JR.,

    Defendants.

---

**ORDER PURSUANT TO RULE 56(f) ON
OPPORTUNITY TO SUPPLEMENT**

**THIS MATTER** comes before the Court on the Plaintiff AERL, L.C.,'s Motion for Summary Judgment **(#21)**. The Defendants have not responded to the motion.

Having reviewed the motion and evidence submitted, the Court accepts the following facts as true. In June 2003, American Equity Investment Life Insurance Company (American)[1] executed a promissory note in favor of Summit Northstar Partners (Summit) in consideration for a loan in the principal amount of $5,800,000. The note was secured by real property and repaid over a ten year period. In connection with the loan, the Defendants executed a personal guaranty in favor of American, in which they "individually, jointly and severally, irrevocably and unconditionally" guaranteed the repayment when due of the full amount owed on the note. In 2011, Summit defaulted on its obligations to American.

Later, the Plaintiff foreclosed on the property securing the note. At the time of foreclosure, the total indebtedness remaining on the note was $5,429,330.72. In December 2012,

---

[1] The Plaintiff is a wholly owned subsidiary of American.

the Plaintiff purchased the property at auction for $4,000,000, thus leaving a deficiency on the sale in the amount of $1,429,330.72.

The Plaintiff brings one claim against the three individual Defendants for breach of the personal guaranty. However, on the evidence submitted, the Plaintiff cannot recover on its claim. Specifically, there is no proof that the Plaintiff has the right to bring this action or to enforce the personal guarantee. The parties to the guaranty contract were American and the Defendants. Plaintiff's counsel asserts in the motion that American assigned its rights under the guarantee to the Plaintiff. But there has been no evidence submitted to support that assertion. Additionally, there is no evidence that a demand for payment was made on the individual Defendants in accordance with Section 1.03 of the guaranty. A demand for payment is a precondition to recovery under the contract.

Accordingly, on the current record, judgment in favor of the Defendants is appropriate. Pursuant to Fed. R. Civ. P. 56(f), this order serves as notice to the Plaintiff that the Court intends to enter judgment in favor of the Defendants. The Plaintiff is granted 14 days leave in which it may supplement its Motion for Summary Judgment. Failure to do so will result in entry of judgment.

Dated this 27th day of January, 2014.

**BY THE COURT:**

_____

Marcia S. Krieger
Chief United States District Judge